IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

DARRYL ARMSTEAD,

Plaintiff,

v.

Case: 2:15-CV-02743

MEMPHIS POLICE OFFICER,
C. DRAPER, #1243, and
INVESTIGATING OFFICER
DEANGELO DAVIS, #5059

Defendants.

---

REPORT AND RECOMMENDATION

Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for the failure to prosecute or to comply with a court Order. *Larkin v. Corrections Corporation of America*, No. 3:13-CV-1369, 2014 U.S. Dist. LEXIS 57302 (M.D. Tenn. April 23, 2014). Federal courts have the inherent authority to manage their own dockets and dismiss a case under Rule 41(b). *Link v. Wabash R.R. Co*., 370 U.S. 626 (1961). The Magistrate Judge recommends dismissal of this case pursuant to Rule 41(b).

Plaintiff filed his *pro se* Complaint for Violation of Civil Rights ("Complaint") on November 17, 2015. (D.E. 1). On November 19, after failing to correctly complete the *in forma pauperis* affidavit, Plaintiff received his first warning that failure to timely comply with court orders would result in dismissal of his case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff next failed to serve the Complaint upon either Defendant, forcing this Court to issue an Order to Show Cause on April 6, 2016. [D.E. 9]. Plaintiff was again warned - "Armstead is ORDERED to show cause, within fourteen (14) days of the date of entry of this order, why the case should not be dismissed without prejudice for failure to prosecute, pursuant

to Federal Rule of Civil Procedure 41(b)." [D.E. 9].  To date, it does not appear that Plaintiff has filed any returned, executed summons. Nevertheless, on May 19, 2016, Defendants filed their Answer. (D.E. 13).

Since the filing of the Complaint, Plaintiff failed to initiate any of the inter-party conferences or orders. The Court, therefore, set a telephonic scheduling conference for April 5, 2017. (D.E. 17). Preceding the scheduled conference, undersigned counsel sent Plaintiff a proposed 26(f) Report and a proposed Scheduling Order, which was also submitted to the Court. On April 5, 2017, undersigned counsel and the Court appeared telephonically, but Plaintiff failed to appear. (D.E. 20). The telephonic scheduling conference was reset for April 19, 2017. (*Id*.). Plaintiff was warned a third time that his case could be dismissed for failure to prosecute. (Casey Shannon to Plaintiff, April 5, 2017) (attached as Exhibit A). On April 19, 2017, the Court, undersigned counsel, and, eventually, Plaintiff telephonically appeared. The Court emphasized to Plaintiff the requirement that he prosecute his case and follow the orders of the court. Following the scheduling conference, the Court issued its Scheduling Order on April 19, 2017. (D.E. 23).

Despite Defendants' counsel reminding Plaintiff in a June 19, 2017, telephone call of the Initial Disclosure requirement, to date no Initial Disclosures have been received by undersigned counsel, and no notice of service thereof has been filed with the Court. Nor has Plaintiff taken any action, whatsoever, since the April 19, 2017, rescheduled telephonic conference to pursue his action. The alternative dispute resolution deadline of July 12, 2017 has now passed.

Defendants have filed their Motion to Dismiss for Lack of Prosecution because Plaintiff has repeatedly failed to prosecute his case. He failed to timely have summons served upon Defendants. (D.E. 9). He failed to attend the Court-ordered telephonic scheduling conference. (D.E. 20). He failed and has continued to fail to serve his initial disclosures to Defendants, in

violation of the requirements of the Federal Rules of Civil Procedure and this Court's own Standard Track Scheduling Order. (D.E. 23); Fed. R. Civ. P. 26(a). Despite the warnings of the Court and undersigned counsel, it does not appear that Plaintiff will prosecute this matter. In light of Plaintiff's unwillingness or inability to comply with the requirements of plaintiffs in civil actions, the prejudice to Defendants of defending this matter in the face of repeated failures on Plaintiff's part to actively participate, and the waste of judicial resources, and given that the Court's repeated warnings have had no effect on Plaintiff's conduct in pursuing his case, the Magistrate Judge respectfully recommends dismissal of Plaintiff's Complaint with prejudice pursuant to Rule 41(b).

Respectfully submitted this 24th day of July, 2017.

s/Edward G. Bryant
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**